IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT BUTLER | : | CIVIL ACTION |
| | : | |
| vs. | : | NO.  07-CV-3037 |
| | : | |
| JAMES T. WYNDER, et al. | : | |

**MEMORANDUM OPINION AND ORDER**

**GOLDEN, J.**                                                                                     **JUNE 18, 2008**

      Petitioner was convicted by a jury in state court of murder in the first degree, robbery and criminal conspiracy. He is currently serving a term of life imprisonment. After exhausting his state court remedies, Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court.

      A Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed as untimely because it was not filed within the one year period of limitation contained in section 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Petitioner has filed an Objection to the Report in which he admits that the petition is untimely, but claims the statute of limitations in the AEDPA should be equitably tolled on the basis of a claim of actual innocence. Specifically, Petitioner argues that four affidavits he attached to his petition demonstrate his actual innocence.[2]

---

[1] Under the AEDPA, a writ of habeas corpus must be filed within one year from the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

[2] One affidavit is dated October 29, 2002 and is from a Commonwealth witness, Deborah Rice, in which she recants her trial testimony which had implicated the petitioner in the crimes of which he was convicted. The second affidavit is dated January 22, 2003 and is from a Reginald

(continued...)

Our Court of Appeals has not yet decided whether the statute of limitations in the AEDPA can be equitably tolled on the basis of a claim of actual innocence. See United States v. Davies, 394 F.3d 182, 191 n.8 (3d Cir. 2005).[3] Our Court of Appeals has determined, however, that in order for equitable tolling to take place in a habeas case in general, the petitioner must show that he diligently pursued his rights in investigating and bringing claims and that some extraordinary circumstances stood in his way. McAleese v. Brennan, 483 F.3d 206, 219 (3d Cir. 2007). Equitable tolling only may be found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). In a non-capital case, such as the one before the court, "attorney error, miscalculation, inadequate research, or other mistakes," do not constitute extraordinary circumstances required for equitable tolling. Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert denied, 534 U.S. 944 (2001).

Here, the Magistrate Judge found that "all of the affidavits petitioner now relies upon in his habeas corpus petition were executed several years ago, but petitioner did not file this petition until July 24, 2007. Under these circumstances, it is apparent that petitioner did not exercise reasonable diligence in presenting any claim of "actual innocence' to this Court." Report and Recommendation at 7-8.

---

[2](...continued)
Tucker, who avers that an individual named Anthony Davis had actually boasted of committing the crimes for which petitioner was convicted. The third affidavit is dated November 3, 2003 and is from an individual named Andre Wynn, in which he avers that the police attempted to coerce him into identifying Petitioner as the perpetrator of the crimes. The fourth affidavit is dated December 14, 2004 and is from an individual named Jamal Sanders, in which he avers that the crimes for which petitioner was convicted were actually committed by Mr. Sander's friend, Anthony "Tupac" Davis.

[3] Petitioner's reliance on the Supreme Court's decision in Schlup v. Delo, 513 U.S. 298 (1995) is unavailing since the Schlup decision involved the bar against successive habeas petitions, whereas the petition sub judice involves the procedural bar of the AEDPA statute of limitations.

Indeed, the record reveals that the affidavits attached to his petition were executed on October 29, 2002, January 22, 2003, November 3, 2003 and December 14, 2004. Yet, Petitioner did not filed the petition sub judice until July 24, 2007, some two years and seven months after the last of the four affidavits was executed.  Petitioner does not explain in his petition the reason for the inordinate delay between the signing of the affidavits and the filing of the petition sub judice. Nor does he claim that he was actively misled or that he timely asserted his rights in the wrong forum. Accordingly, the Court agrees with the Magistrate Judge that even if our Court of Appeals recognized that the one-year statute of limitations contained in the AEDPA could be equitably tolled based on a claim of actual innocence, equitable tolling would not apply here since Petitioner did not exercise reasonable diligence in presenting his claim of actual innocence to the Court. The Court adopts the Recommendation of the Magistrate Judge that the petition for a writ of habeas corpus should be dismissed as untimely under section 2244(d) of the AEDPA.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT BUTLER | : | CIVIL ACTION |
| | : | |
| vs. | : | NO.   07-CV-3037 |
| | : | |
| JAMES T. WYNDER, et al. | : | |

## ORDER

AND NOW, this 18th day of June, 2008, upon consideration of the Report and Recommendation of the Magistrate Judge and the Objection of Petitioner thereto, it is hereby ORDERED that the Report and Recommendation is ADOPTED.

It is further ORDERED that the Petitioner's Objection to the Magistrate Judges's Report and Recommendation is OVERRULED.

It is further ORDERED that the Petition for a writ of habeas corpus is DISMISSED as untimely under the Antiterrorism and Effective Death Penalty Act of 1996.

It is further ORDERED that there is no probable cause to issue a certificate of appealability.

It is further ORDERED that the Clerk is DIRECTED to mark this case closed for statistical purposes.

BY THE COURT:

/s/ THOMAS M. GOLDEN
THOMAS M. GOLDEN

4